JAMES K. WAYSMAN AGT. DERRICK UPDEGRAPH.

*Practice : Injunction : Appeal : Surety : Execution : Exceptions.*

1. Where a judgment was taken on an injunction bond, and taken to the supreme court and judgment affirmed, the securities on the appeal bond only are liable by action; and, when the clerk, by oversight in the mandate for execution in the original case, issues execution against the securities on the appeal bond, it is not error for the district court to quash the execution as to the securities for the appeal, and let it stand good as to the others.

2  A paper found in the record, purporting to be a bill of exceptions, it not signed by the judge, can not be noticed by the supreme court.

APPEAL from the District Court of the Second Judicial District in and for Shawnee County.

*By the Court*—PETTIT, C. J.

This cause finds its way to this court on an appeal from the second district court, which was taken by appellant from an order of that court, in overruling a motion to set aside a levy and quash an execution issued out of that court against him. We have thoroughly examined the record, and are fully satisfied there is no error in it, nor is there any question of law or point of practice that needs adjudication or illustration. The facts are briefly these: In June, 1856, Charles Jordan obtained, from the judge of said court, an injunction against the appellee in this suit, and entered into the ordinary bond, in the penalty of $600, with Luther Wentworth and James K. Waysman, the appellant, as his securities. At the December term, 1856, the case came on for hearing on bill, answer, replication and proof, and the injunction was dissolved by the court; and, thereupon, by the consent of both parties, the court heard the evidence and assessed the damages of Updegraph at $800; but as the bond was only in the penalty of $600, the decree and judgment was rendered for the latter sum only, against Jordan and his securities on the injunction bond, the appellant Waysman being one. This was clearly provided for by the Laws of 1855, page 420, section

10.   From this judgment Jordan and his securities took an appeal to this court, in which the judgment below was fully affirmed.   The proper order was sent to the district court to issue an execution on the judgment; but the clerk, by some oversight, issued it against Jordan and his securities in the injunction bond, and, also, against the securities in the appeal bond, who were different persons, and only liable by suit on the bond.   A motion was made, to the district court, to set aside the levy and quash the execution, which was sustained so far as it related to or affected the securities on the appeal bond, but overruled as to Jordan and his securities on the injunction bond.   At a subsequent term or terms, after the rendition of the judgment in the district court, various motions were made for an appeal, to enter *orders nunc pro tunc*, etc., which were properly overruled.   There is a long paper in the record, which purports to be a bill of exceptions, taken at one of those subsequent terms of the court to the ruling of the court on some of said motions; but, as it is not signed by the judge, we can take no notice of it, but must suppose it is improperly in the record; but, if it were signed, it would make no difference, as the rulings to which it objects and excepts are, in our opinion, right.

This record is singularly clear of error.

ORDER.—The judgment of the district court is affirmed in all things, at the cost of the appellant, which is ordered to be certified